# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**LISA ARMSTRONG**                                                                    **PLAINTIFF**

**v.**                       **CASE NO. 3:18-CV-00109 BSM**

**DOES, et al.**                                                                             **DEFENDANTS**

## ORDER

Plaintiff Lisa Armstrong filed a *pro se* civil rights complaint [Doc. Nos. 1, 3, 4] against the Craighead County Detention Center, Officers T. Simmons, S. Richardson, and S. Copeland, Jail Administrator Keith Bowen, and other unidentified individuals in their official and personal capacities. Armstrong alleges that certain individuals who are not parties to this lawsuit stole her SSI benefits after she was taken into custody [Doc. Nos. 1, 4]. She further alleges that she could not make bond because those funds were withdrawn, and that the grievances she filed have not produced results [Doc. Nos. 1, 3, 5]. Armstrong seeks release from custody, recovery of her allegedly stolen funds, and damages [Doc. No. 4].

Armstrong is incarcerated at the Craighead County Detention Center of the Arkansas Department of Correction. *See* Doc. No. 1. Accordingly, her complaint is subject to automatic screening and her claims must be dismissed if they are: (1) frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.

Armstrong's original complaint [Doc. No. 1] did not contain sufficient information for a proper screening, and by order [Doc. No. 2] Armstrong was directed to file an amended complaint. Specifically, Armstrong was directed to clearly name each defendant she was suing to provide detail as to how each defendant violated her federally-protected rights, how she was personally harmed by each alleged violation, and to state who she seeks relief from. *See* Doc. No. 2. Armstrong subsequently filed two amended complaints. *See* Doc. Nos. 3, 4.

Despite Armstrong's amendments, she has failed to state claims upon which relief may be granted. To state a claim for relief under 42 U.S.C. section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

First, Armstrong's claim against the Craighead County Detention Center must be dismissed because it is not an entity subject to suit under section 1983. *See Da La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x. 436, 437 (8th Cir. 2001).

Next, Armstrong's claims against the officers, jail administrator, and unidentified individuals must be dismissed because she has pled insufficient facts to state a claim. In fact, Armstrong makes no allegations against these individuals despite being ordered to specify how and what each defendant did to allegedly violate her rights. *See Twombly*, 550 U.S. at 570 (bare allegations without alleged facts in support are insufficient to state a claim under section 1983). To the extent Armstrong alleges these individuals are responsible for depriving her of grievance results, this claim also fails. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the [F]ourteenth [A]mendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (internal citation omitted). Accordingly, because Armstrong has no protected liberty interest in the grievance system this claim must be dismissed.

Finally, Armstrong seeks her release from custody, but she cannot obtain that relief in this 42 U.S.C. section 1983 action. The sole remedy for a prisoner seeking release from prison is to file a federal *habeas* petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973).

Accordingly, Armstrong's complaint fails to state a claim upon which relief may be granted and her complaint is dismissed without prejudice. This dismissal counts as a "strike" for the purposes of 28 U.S.C. section 1915(g) and an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 2nd day of August 2018.

                                                          UNITED STATES DISTRICT JUDGE